IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BERNARD E. HONEYCUTT,

        Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security Administration,

        Defendant.

Case No. 13-cv-1243-DDC

## MEMORANDUM AND ORDER

Plaintiff Bernard Honeycutt sought judicial review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under Title II and Title XVI of the Social Security Act. On September 30, 2014, this Court reversed and remanded the decision of the Commissioner because it concluded that the Appeals Council erroneously excluded new and material evidence. The Court entered final judgment pursuant to "the sixth sentence of 42 U.S.C. § 405(g)" and remanded the case to the agency to reconsider plaintiff's benefits application inclusive of the new evidence (Doc. 29). The Commissioner now has filed a motion seeking relief from that final judgment pursuant Federal Rule of Civil Procedure 60(b) (Doc. 32). She argues that the entry of final judgment is contrary to a sentence-six remand and that the Court should rescind its entry of final judgment. Plaintiff has filed a response, arguing that the Court should not rescind the judgment but instead amend it to reflect a sentence-four remand (Doc. 35). For the reasons explained below, the Court denies the Commissioner's motion and amends its September 30,

1

2014 Memorandum and Order to reflect entry of judgment pursuant to the fourth sentence of 42 U.S.C. § 405(g).

## A. The Features of Sentence-Four and Sentence-Six Remands

"In cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of [42 U.S.C.] § 405(g)." *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Those parts of the statute provide:

> [Sentence Four:]  The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing . . . .
>
> [Sentence Six:]  The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision.

42 U.S.C. § 405(g).  A sentence-four remand is proper when the reviewing court makes a substantive ruling on the correctness of the Commissioner's decision.  *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).  Entry of final judgment must accompany an order remanding a case under sentence four.  *Shalala*, 509 U.S. at 297 (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 629 (1990)).  "Immediate entry of judgment . . . is in fact the principal feature that distinguishes

2

a sentence-four remand from a sentence-six remand." *Id.* (citing *Melkonyan*, 501 U.S. 89 at 101-02). By contrast, a sentence-six remand "does not affirm, modify, or reverse the [Comissioner's] decision; it does not rule in any way as to the correctness of the administrative determination." *Id.* Under sentence six, "[t]he district court . . . does not rule in any way as to the correctness of the administrative determination." *Melkonyan*, 501 U.S. 89 at 98. "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding."[1] *Id.* Such remands are not final judgments. *Huff v. Apfel*, 221 F.3d 1352 (10th Cir. 2000). Instead, the district court retains jurisdiction until the conclusion of further administrative proceedings, after which the parties may return to it and obtain a final judgment. *Id.* (citing 42 U.S.C. § 405(g); *Melkonyan,* 501 U.S. at 102).

To resolve the Commissioner's motion, the Court must first revisit the grounds upon which it ordered remand in its September 30, 2014 Memorandum and Order (the "Order"). Next, it must determine whether the type of remand it ordered properly falls under sentence four or sentence six of § 405(g). Finally, it must decide what kind of relief, if any, it should grant the parties.

### B.  The Reasons the Court Remanded the Case

In February 2013, plaintiff presented additional medical evidence to the Appeals Council, which he attached to his brief as Exhibit A. Doc. 18-1. The new evidence included records from Dr. Brent Adams documenting a successful cervical fusion operation that plaintiff received in September 2012. *Id.* The Appeals Council declined to consider the new evidence because it concluded that it was unrelated to the time period for which plaintiff sought benefits. *See* Doc.

---

[1] Sentence six also authorizes the district court to remand if the Commissioner moves for remand before it has filed a response in the appeal. This category of sentence-six remands is not implicated here.

10 (R. 2) ("We also looked at the medical records [claimant] submitted . . . . This new information is about a later time. Therefore, it does not affect the decision about whether [claimant was] disabled beginning on or before [the alleged disability period]."). In its Order, this Court found that the records comprising Exhibit A were new, material, and chronologically relevant to the plaintiff's disability period. It thus concluded that the Appeals Council erred by excluding them.

### C. The Procedure for Submitting New Evidence to the Appeals Council

The Commissioner's regulations provide that, when reviewing an ALJ's decision, "the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision . . . . It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 416.1470(b), § 416.1476(b). These regulations mandate a two-step process. First, the Appeals Council must evaluate all of the new evidence a claimant submits and make a threshold determination about whether the evidence is new, material, and relates to the relevant disability period. *See id.* ("If you submit evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to you with an explanation as to why it did not accept the additional evidence and will advise you of your right to file a new application."). If the Appeals Council finds that the new evidence qualifies, it must then review the case to determine whether the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record," inclusive of the new evidence. *Id.*

### D. Whether the Court Should Have Remanded Under Sentence Four or Six

The Appeals Council concluded that the surgical records comprising plaintiff's Exhibit A did not relate to plaintiff's alleged disability period. It thus excluded the evidence from the

record. The Court held that it was error to exclude this new evidence and remanded the case to the Commissioner. The Commissioner argues that the Court's Order remanded the case "solely for consideration of additional evidence attached to Plaintiff's brief." Doc. 32 at 2. This, she argues, renders "a sentence-six remand appropriate" because the Court did "'not rule in any way as to the correctness of the administrative proceeding.'" *Id.* at 2-3 (quoting *Melkonyan*, 501 U.S. 89 at 98).

While the first part of the Commissioner's characterization of the Order is correct, it is not dispositive of the issue presented here. A remand for consideration of additional evidence does not, by itself, determine whether the remand falls under sentence six or sentence four. As the Supreme Court has noted, a remand based on the Commissioner's error in applying its own regulations proceeds under sentence four, even when the remand requires the Commissioner to take up additional evidence. *Finkelstein*, 496 U.S. at 625 (holding that a remand to correct an error by the Commissioner in applying the regulations proceeds under sentence four, even if the remand requires the Commissioner to take up additional evidence). Here, the Court ruled that the Appeals Council erred when making the threshold determination under 20 C.F.R. § 416.1470(b) whether the records comprising Exhibit A were new, material, and chronologically relevant. Doc. 28 at 20 ("[T]he Court reverses the decision of the Appeals Council excluding Exhibit A from the record."). Thus, it is clear that the Court ruled on the correctness of one aspect of the Appeals Council's decision. Whether its ruling constitutes a decision about the correctness of the *Commissioner's* decision, as opposed to the Appeals Council's decision, and hence qualifies as a sentence-four remand turns out to be a more complicated question.

Under 42 U.S.C. § 405(g), a federal court may review only "final decisions" of the Commissioner. *Brown v. Colvin*, No. 13-1192-JWL, 2013 WL 4541068, at *2 (D. Kan. Aug. 27,

2013). The circuits are split over whether the Appeals Council's decision to deny review is a component of the "final decision of the Commissioner" subject to judicial review under 42 U.S.C. § 405(g). *See generally*, Carolyn A. Kubitschek & Jon C. Dubin, *Social Security Disability Law & Procedure in Federal Court* § 8:10 (2015 ed.) (describing the circuits' approaches as "divided between a majority view and a minority view," with each circuit having "its own variation of the majority or minority view"). A majority of circuits holds that the final decision includes the Appeals Council's denial of a request for review.[2] A minority has held that when the Appeals Council denies review, the "final decision of the Commissioner" includes only the ALJ's decision.[3]

The Tenth Circuit had adopted the majority view. *See O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994) (holding that "because the Secretary's decision does not become final until after the Appeals Council denies review or issues its own findings, her 'final decision' necessarily includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence"). It follows that when a court remands a case based on the Appeals Council's error, it rules on the correctness of an aspect of the Commissioner's decision. Although the Tenth Circuit has not extended this logic explicitly to hold that such remands thus

---

[2]The Tenth Circuit, along with the Second, Fourth, Fifth, Eighth, Ninth, and Eleventh Circuits have concluded that the Appeals Council's denial of a request for review also is part of the "final decision of the Commissioner." *See O'Dell*, 44 F.3d at 859 (10th Cir. 1994); *Perez v. Chater*, 77 F.3d 41, 44-46 (2d Cir. 1996); *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991); *Higginbotham v. Barnhart*, 405 F.3d 332, 335-36 (5th Cir. 2005); *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992); *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1263 (11th Cir. 2007).

[3] The Third, Sixth, and Seventh Circuits have held that when the Appeals Council denies review, the decision of the ALJ is the only "final decision of the Commissioner" subject to judicial review. *See Matthews v. Apfel*, 239 F.3d 589, 593-94 (3d Cir. 2001); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Eads v. Sec'y of the Dep't of Health & Human Servs.*, 983 F.2d 815, 818 (7th Cir. 1993), *but see DeGrazio v. Colvin*, 558 F. App'x 649, 652 (7th Cir. 2014) (holding that evidence submitted to the Appeals Council was not "new" evidence for purposes of sentence six)

must fall under sentence four, it nearly has held as much. *Lawson v. Chater*, 83 F.3d 432, 1996 WL 195124, at *2 (10th Cir. Apr. 23, 1996) (holding the Appeals Council's exclusion of qualifying new evidence "constitutes substantial *legal error* necessitating a remand" (emphasis added)). For the reasons explained below, the Court predicts that the Tenth Circuit, if confronted with this question, would conclude that a remand based on the Appeals Council's exclusion of qualifying new evidence falls under sentence four.

Among the circuits that have addressed this narrower question, those sharing the Tenth Circuit's view that the Appeals Council's denial of review as part of the Commissioner's final decision also have concluded that remands based on the exclusion of qualifying new evidence require a sentence-four remand. For example, the Eleventh Circuit held that judicial review under sentence four is appropriate when the Appeals Council fails to consider new evidence. *See Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 745 n.9 (11th Cir. 2011) (explaining that a sentence-four, as opposed to a sentence-six, remand is appropriate when the Appeals Council "'did not adequately consider additional evidence'" a claimant properly presented to it (quoting *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1268 (11th Cir. 2007))). The Fifth Circuit, also sharing the Tenth Circuit's view that the Appeals Council's denial of review is part of the final decision of the Commissioner, has reached the same conclusion. *See Istre v. Apfel*, 208 F.3d 517, 518 (5th Cir. 2000) (reversing the district court for failing to specify type or remand, but noting that an order reversing the Commissioner's decision and remanding for further consideration of evidence first submitted to the Appeals Council is a sentence-four remand). So has the Fourth Circuit. *See Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011) (holding that when new evidence submitted to the Appeals Council is not controverted by other

evidence in the record, the court may reverse and remand pursuant to sentence four (citing *Wilkins*, 953 F.2d at 96)).

By contrast, district courts in the Sixth Circuit—which has adopted the minority view that the Commissioner's decision becomes final after the ALJ renders a decision—have concluded that evidence first submitted to the Appeals Council may serve as the basis only for a sentence-six remand. *See Grant v. Astrue*, No. 1:08-CV-197, 2009 WL 1884001, at *6 (E.D. Tenn. June 29, 2009) (holding that "[w]hen an ALJ renders the final decision of the Commissioner, . . . additional evidence presented after the ALJ's decision should be considered only for purposes of a remand pursuant to the sixth sentence of 42 U.S.C. § 405(g)" (citing *Cotton v. Sullivan,* 2 F.3d 692, 696 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992))); *see also Cline v. Secretary Sec'y of Health & Human Servs.*, 875 F. Supp. 435, 439 (N.D. Ohio 1995) (holding that evidence newly submitted to the Appeals Council "may supply the basis for remand under sentence six of § 405(g), provided good cause is shown for plaintiff's failure to incorporate the evidence into the record before the ALJ").

This dissonance makes sense given the circuits' differing premises about the effect of the Appeals Council's denial of review. As the Court has explained, sentence-six remands are appropriate only to consider evidence not before the Commissioner during the administrative proceedings. *Melkonyan*, 501 U.S. at 98. If the ALJ's decision alone constitutes the decision of the Commissioner, it follows that evidence submitted for the first time to the Appeals Council is not evidence that was "before the Commissioner." *See Ingram*, 496 F.3d at 1269. Consequently, it may not serve as the basis for a sentence-six remand. But if the Appeals Council's decision to deny review is part of the Commissioner's decision, then such evidence was "before the Commissioner" during the administrative proceedings. It thus can serve as the basis for a

sentence-four remand only.[4]  *See id.*  Contrary to the Commissioner's argument then, the Court's Order, in fact, ruled on the correctness of the Commissioner's decision, at least as the Tenth Circuit understands the scope of the Commissioner's decision.  For this reason, Court predicts the Tenth Circuit would hold that the Court's remand based on the Appeals Council's exclusion of qualifying evidence is a sentence-four remand.

### E. Appropriate Relief

The Commissioner is correct that the Court's entry of judgment was contrary to a sentence-six remand.  However, for the reason explained above, the Court agrees with plaintiff that the appropriate remedy is not to rescind its entry of judgment but to amend its Order (Doc. 28) to reflect entry of judgment under sentence four, not sentence six, of 42 U.S.C. § 405(g).  The Court therefore denies the Commissioner's motion for relief from judgment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Commissioner's Motion for Relief from Judgment (Doc. 31) is denied.  The Court orders that its September 30, 2014 Memorandum and Order reversing and remanding the Commissioner's decision denying plaintiff Social Security Disability and Supplemental Security Income benefits be amended to reflect entry of judgment pursuant to the fourth sentence of 42 U.S.C. § 405(g).  The Court

---

[4] Admittedly, a circuit's view on whether the final decision of the Commissioner includes the Appeals Council's denial of review does not predict perfectly whether courts within the circuit will treat this type of  remand as one under sentence four or sentence six.  For example, in *Haak v. Chater*, the court concluded that evidence plaintiff submitted to the Appeals Council was not "new" because plaintiff presented it during the administrative proceedings.  No. 94-C-7594, 1997 WL 162850, at *3 (N.D. Ill. Mar. 27, 1997).  Accordingly, it held that a sentence-six remand was inappropriate even though the Seventh Circuit had held in *Eads* that only the ALJ's decision is subject to judicial review when the Appeals Council denies review.  *Id.*  The Fourth Circuit reached the converse result in *Jackson v. Astrue*, 467 F. App'x 214, 218 (4th Cir. 2012).  It held "[W]here new and material evidence submitted to the Appeals Council contradicts both the ALJ's findings and underlying reasoning, and the Appeals Council failed to provide any reason for disregarding this additional evidence . . . our proper disposition is to remand pursuant to sentence six of § 405(g)."  The Fourth Circuit reached this conclusion despite its earlier decisions in *Meyer* and *Wilkins*, where it had held that the Appeals Council's decisions are part of the Commissioner's final decision and thus such remands must proceed under sentence four.

further orders that the language in the Court's entry of judgment (Doc. 29) shall be amended to reflect a judgment entered pursuant to the fourth sentence of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

**Dated this 16th day of April, 2015, at Topeka, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
