**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BERNARD E. HONEYCUTT,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**CAROLYN W. COLVIN,**<br>**Acting Commissioner of Social Security,**<br><br>　　　　**Defendant.** | **Case No. 13-cv-1243-DDC** |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff Bernard E. Honeycutt's application for an award of attorney fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412 (Doc. 30). Plaintiff requests $8,448.61 (45.55 hours at $185.48 per hour) for attorney fees. The Commissioner opposes his request. For reasons explained below, the court grants plaintiff's request for attorney fees in part, and orders the Commissioner to pay attorney fees in the amount of $7,994.18.

**I.    Factual and Procedural Background**

Plaintiff filed a Complaint with our court appealing the administrative decision denying him social security disability benefits. Doc. 1. On September 30, 2014, after briefing was completed, the court reversed the decision of the Commissioner and remanded the case to the agency for additional proceedings. Doc. 28. That Order concluded that the Appeals Council, when it denied review, improperly excluded from the record new and material evidence relevant to the period predating the ALJ's decision. Doc. 28 at 18–20. This failure warranted remand, so

the court entered a judgment reversing the Commissioner's decision and remanding the case. Doc. 29.

After the court's remand Order and Judgment, plaintiff moved for attorney fees under the EAJA.  Doc. 30.  But the Commissioner then moved for relief from judgment.  Doc. 31.  The Commissioner argued that the court's remand Order referred to a sentence six remand under 42 U.S.C. § 405(g), which requires the court to retain jurisdiction over the case instead of issuing a final judgment.  The Commissioner asked the court to rescind the Judgment that it had entered and amend its Order to remove the reversal language, which is only appropriate in a sentence four remand.  The Commissioner also pointed out that the EAJA filing period is not triggered until a final judgment is entered, so, if the court granted the Commissioner's motion, plaintiff's attorney fees application would be premature.  Plaintiff, on the other hand, argued that the court's order was a sentence four remand in substance because it addressed the Appeals Council's exclusion of evidence.  He thus argued that the entry of final judgment was appropriate and the court only needed to amend its Order and Judgment to clarify that a sentence four remand was intended.  The court agreed with plaintiff and amended the Order and Judgment to reflect a sentence four remand.  Docs. 36; 37.

Because the court concluded that the Judgment should stand (as amended), plaintiff's fees application was ripe, and the parties completed their briefing.  Docs. 38, 41.  Plaintiff now seeks payment of attorney fees under the EAJA.  In his motion, plaintiff's counsel, Mr. David H. M. Gray, has established that:  (1) he represents plaintiff under a contingency fee agreement; (2) his customary hourly rate is $250; and (3) he expended 45.55 total hours representing plaintiff in this case.  *See* Docs. 30-1 (Honeycutt Aff.); 30-2 (Gray Aff.); 41 at 11.  Plaintiff's counsel also

presents evidence that the fee cap under the EAJA, adjusted for cost of living expenses, is $185.48 per hour. Plaintiff thus requests attorney fees of $8,448.61.

Plaintiff argues a fee award is proper because the Commissioner's position was not substantially justified. The Commissioner, however, argues her position was substantially justified and the court thus should not award plaintiff attorney fees. The Commissioner also contends that the court, should it find that an award of fees is appropriate, should reduce the award requested because plaintiff's counsel spent an unreasonable amount of time preparing a reply brief.

The court first addresses whether the Commissioner's position was substantially justified. Then, because the court concludes that it was not, the court addresses the hours and hourly rate that it finds reasonable here.

## II.     The Commissioner's position was not substantially justified.

### A.  Legal Standard

Fees under the EAJA penalize the agency for advancing an unjustified legal position and are paid to the plaintiff out of agency funds. *Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). The court must evaluate the reasonableness of every fee request. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). And 28 U.S.C. § 2412(d)(1)(A) requires a court to award fees to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *See Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995); *Maxey v. Sullivan*, 791 F. Supp. 841, 842 (D. Kan. 1992) ("The determination of whether the government's positon was substantially justified lies within the trial

court's discretion."). The only dispute here is whether the Commissioner's position was substantially justified.[1]

The Commissioner bears the burden to show that her position was substantially justified. *Gilbert*, 45 F.3d at 1394 (citing *Estate of Smith v. O'Halloran*, 930 F.2d 1496, 1501 (10th Cir. 1991)). To do so, the Commissioner must show that the government's position was "'justified to a degree that could satisfy a reasonable person.'" *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Said another way, the Commissioner must show that her position had a reasonable basis in law and fact. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). "The test for reasonableness has three components: (1) a reasonable basis for factual allegations; (2) a reasonable legal theory; and (3) a reasonable factual support for the legal theory advanced." *Hutchison v. Chater*, No. 95-4084-SAC, 1996 WL 699695, at *2 (D. Kan. Oct. 31, 1996) (citing *Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992)). The government's position "can be [substantially] justified even though it is not correct . . . if a reasonable person could think it correct." *Pierce*, 487 U.S. at 566 n.2.

The government's position includes both the position taken by the Commissioner in the civil action (commonly called the government's "litigation position") and the agency's action or failure to act in the underlying proceedings that the civil action is based on (the government's "prelitigation position"). *See* 28 U.S.C. § 2412(d)(2)(D). So, to determine whether the Commissioner's position was substantially justified, courts look to the record "made in the civil action for which fees and other expenses are sought" and to the record of the underlying agency

---

[1] The Commissioner does not dispute that plaintiff is the prevailing party for purposes of § 2412(d)(1)(A), or contend that special circumstances exist that would make an award unjust. Indeed, by securing a remand to the Commissioner under the fourth sentence of 42 U.S.C. § 405(g), *see* Doc. 36, plaintiff is a prevailing party for purposes of the EAJA. *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007).

proceedings showing "the action or failure to act by the agency upon which the civil action is based." *See* § 2412(d)(1)(B). The prelitigation position and litigation position are both relevant "and must both be reasonable in fact and law" for the Commissioner's position to be considered substantially justified. *Al-Maleki v. Holder*, 558 F.3d 1200, 1207 (10th Cir. 2009) (citing *Hackett*, 475 F.3d at 1174); *see also Harrold v. Astrue*, No. 09-5116, 2010 WL 1452491, 372 F. App'x 903, 904 (10th Cir. Apr. 13, 2010) (citing *Guiterrez*, 953 F.2d at 585).

"The general rule is that EAJA fees 'should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.' But the Tenth Circuit has recognized an exception when the government advances a reasonable litigation position that 'cure[s] unreasonable agency action.'" *Marshall v. Colvin*, No. 14-1336-JWL, 2016 WL 454816, at *2 (D. Kan. Feb. 5, 2016) (quoting *Hackett*, 475 F.3d at 1174); *see Groberg v. Astrue*, 505 F. App'x 763, 765 (10th Cir. 2012) ("Even when the ALJ's reasons were unreasonable, EAJA fees may still be denied when the Commissioner reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless.").

### B. Analysis

The court considers, first, whether the government's prelitigation position was substantially justified. It then addresses the government's litigation position.

#### 1. Prelitigation Position

The court's September 30, 2014 Order remanded the case because it found that the Appeals Council improperly had excluded qualifying evidence from the record. Doc. 28 at 19–20. As the court explained, "[t]he Appeals Council must consider additional evidence it receives if the evidence is (1) 'new,' (2) 'material,' and (3) 'relates to the period on or before the date of the administrative law judge hearing decision.'" Doc. 28 at 18 (quoting 20 C.F.R. § 404.970(b)). Later, in its Order denying relief from judgment, the court also concluded that the Appeals

Council's determination whether to include the additional evidence in the record was a component of the Commissioner's final decision. Doc. 36 at 5–9. The remand resulting from the Appeals Council's error thus ruled on the correctness of the Commissioner's decision. *Id.* at 6. So, the Appeals Council's actions or failure to act are part of the government's prelitigation position, and its decision to exclude the evidence from the record was an underlying agency action upon which this civil action is based. *See Stumbaugh v. Astrue*, No. 09-cv-02435-CMA, 2011 WL 1344416, at *2 (D. Colo. Apr. 7, 2011) (explaining that the Appeals Council's actions are part of the government's position that must be substantially justified to avoid an attorney fees award); *Troyer v. Heckler*, 613 F. Supp. 1219, 1222 (D. Kan. 1985) (awarding attorney fees based on Appeals Council's actions lacking substantial justification); *Rice v. Apfel*, 16 F. Supp. 2d 971, 974 (N.D. Ill. 2003) (considering the Appeals Council's decision whether to consider additional evidence as part of the government's prelitigation position). The court therefore must determine whether the Appeals Council was substantially justified when it decided not to add the additional evidence to the administrative record. The court finds it was not.

The Appeals Council reviewed the additional evidence submitted by plaintiff and concluded that, because the records were dated May 9, 2012, through January 17, 2013, the evidence involved "a later time" and, accordingly, did "not affect the decision about whether [plaintiff was] disabled beginning on or before September 14, 2011." R. 2. So, the Appeals Council declined to add the additional evidence to the administrative record.

The court, relying on Tenth Circuit precedent, concluded that surgical records, even if dated after the ALJ's decision, can be chronologically relevant if the evidence might disclose the severity and continuity of impairment existing before that date. Doc. 28 at 18 (citing *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 479 (10th Cir 1993) (citing cases from the Second

6

and Seventh Circuits)).  And, after reviewing the additional evidence, the court concluded that "the new evidence is chronologically relevant because it relates to the same impairments that existed during the time period for which the ALJ denied benefits."  *Id.* at 19.  Indeed, the additional evidence involved a surgical procedure that plaintiff originally had scheduled in January 2011, included MRI results showing bulging discs at the same location as plaintiff had during the relevant period, and contained notations from plaintiff's doctor that his condition had not changed when compared to exams dated before the ALJ's hearing.  *See id.*

The Appeals Council's categorical denial of this additional evidence, based solely on the dates of the records, was not reasonable in law and fact.  *See, e.g.*, *Jackson v. Shalala*, No. 89-1209-C, 1993 WL 192835, at *3 (D. Kan. May 26, 1993) (concluding that the Appeals Council was not substantially justified in rejecting hospital records "simply because the hospitalization occurred after the ALJ's hearing" and holding that the Appeals Council should not have based its finding "on nothing more than the mechanical application of dates"); *Hutchison*, 1996 WL 699695, at *3 (concluding that the Appeals Council was not substantially justified in refusing to consider a psychiatric assessment based on its date after the ALJ's decision because the court "found case law directly holding that the timing of an examination is not dispositive").  A reasonable person would have considered more than just the dates of the records to determine if they related to the period before the ALJ's decision, as Tenth Circuit precedent requires.  And here, a review of the additional materials revealed that the evidence was related to the same impairments existing during the relevant time period, warranting further investigation of the issue whether to add the materials to the record.  The Commissioner thus has not met her burden to show that her prelitigation position was substantially justified.[2]  *See Stumbaugh*, 2011 WL

---

[2] The Commissioner's Response states that the Appeals Council determined that the evidence "would not affect the ALJ's decision in the case," which may imply an argument that the Appeals Council also

7

1344416, at *2 (D. Colo. Apr. 7, 2011) (concluding the Appeals Council's failure to review new, material, and relevant evidence was legal error and supported the court's finding of a lack of substantial justification); *Jackson*, 1993 WL 192835, at *3–4 (D. Kan. May 26, 1993) (concluding that the Appeals Council was not substantially justified in refusing to consider additional records based simply on the record dates, which supported the court's award of fees).

Generally, the court should award EAJA attorney fees when the government's prelitigation position was unreasonable, even if the government advanced a reasonable litigation position. *Hackett*, 475 F.3d at 1174. But, because an exception to this rule might exist if the government advances a reasonable litigation position that cures unreasonable agency action, the court next examines the government's litigation position and considers whether such an exception exists here. *See Marshall*, 2016 WL 454816, at *2; *see also Groberg*, 505 F. App'x at 765 (recognizing an exception where EAJA fees may still be denied despite a finding of unreasonable ALJ action when the Commissioner "reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless").

### 2.  Litigation Position

When opposing plaintiff's appeal to the court in this case, the Commissioner argued that the evidence presented to the Appeals Council did not warrant remand. Doc. 24 at 13–15. First, the Commissioner argued that the Appeals Council properly declined to add the additional

---

declined to include the additional evidence in the record based on immateriality. Doc. 38 at 3. But in context, the Appeals Council solely focused on the third element—whether the evidence related to the relevant time period. The administrative record reveals that the Appeals Council determined the new information would not affect the ALJ's decision *because* it was about a later time, not because the evidence was immaterial. *See* R. 2 ("This new information is about a later time. Therefore it does not affect the decision about whether you were disabled . . . ."); *see also* Doc. 28 at 19 (explaining that "[n]ew evidence is material if it might reasonably have changed the ALJ's decision had it been before him"). The Commissioner thus raised the materiality argument for the first time in her litigation position, which the court discusses, below.

evidence to the record because it was unrelated to the relevant time period. *Id.* at 14. The Commissioner argued that, because the additional treatment records began in May 2012, "nearly eight months after the ALJ's decision," they did not relate to the relevant time period. *Id.* But, as discussed above, this position lacks substantial justification.

Additionally, the Commissioner argued that the additional evidence was not material, so even if it related to the relevant time period, its exclusion did not warrant remand. The new evidence was not material, the Commissioner argued, because plaintiff failed to show that the evidence "might reasonably have changed the ALJ's decision." *Id.* at 15. She asserted that, because the ALJ found plaintiff's medication could control his pain adequately despite the recommendation for surgery, the evidence of a later surgery and improved impairment "does not undermine the ALJ's ultimate decision." *Id.* The court, however, concluded that the new evidence was material, *i.e.*, it might reasonably have changed the ALJ's decision. Doc. 28 at 19. And, because the evidence was new, material, and chronologically relevant, the Appeals Council should have considered it, warranting remand back to the agency. *Id.* at 19–20. Indeed, the court held that "[t]he exclusion of qualifying new evidence constitutes substantial legal error necessitating remand." *Id.* at 20 (internal quotation and citation omitted). Now, the Commissioner argues that the government's position was substantially justified even though the court found a legal error existed.

"Courts have held . . . that where the Appeals Council does not consider subsequent information which is material to the issue of whether the claimant was disabled on or before the ALJ's hearing decision, the government's position is not substantially justified." *Rice v. Apfel*, 16 F. Supp. 2d 971, 974 (N.D. Ill. 2003) (concluding that the "government's position regarding whether the Appeals Council committed legal error in failing to consider the new material

9

evidence was not substantially justified" because a reasonable probability existed that the ALJ would have reached a different conclusion with the additional evidence); *see also DeWilde v. Bowen*, No. 85-1911-K, 1987 WL 45085, at *1 (D. Kan. Apr. 30, 1987) ("Misapplication of the law by the [Commissioner] is widely recognized as demonstrating that the government's position lacks substantial justification."). But, the Commissioner correctly asserts that "the Tenth Circuit has found arguments defending the agency's legal error to be substantially justified, even if not correct." Doc. 38 at 3 (internal quotation marks and citations omitted). And she argues that "[b]ecause substantial evidence in the record supports a finding that [p]laintiff's pain was controlled during the relevant period to the extent that [p]laintiff could perform a range of light work, [the government] reasonably advanced the position that the results of surgery one year later would not alter the ALJ's decision."[3] *Id.* at 3–4.

As discussed in the court's remand Order, additional evidence is material "if there is a reasonable possibility that [it] would have changed the outcome" had the ALJ received the information before making his determination. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (internal quotation marks and citation omitted); *see also Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010) ("Evidence is material if the Secretary's decision might reasonably have been different had the [new] evidence been before him when his decision was rendered."

---

[3] The Commissioner's brief also mentions that the court agreed with her arguments that the ALJ's decision was supported by substantial evidence. Doc. 38 at 3–4. But, when determining whether the Commissioner's position was substantially justified, the court focuses on the issues that led to remand. *Hutchison*, 1996 WL 699695, at *2 ("'In determining whether the Secretary was substantially justified, [the] court should focus on [the] government's position on [the] issue[s] that led to remand rather than on [the] ultimate issue of disability.'" (quoting *Jenkins v. Chater*, 81 F.3d 172, 1996 WL 145677, at *2 (10th Cir. Apr. 1, 1996) (table) (further citation omitted)); *see also Hackett*, 475 F.3d at 1173 n.1 (concluding that EAJA fees were appropriate even though "the Commissioner prevailed on most issues in the district court" because the court ordered remand based on a single discrete issue which resulted in an unreasonable denial of benefits at the administrative level).

(internal quotation marks and citation omitted)).  The court found the new evidence material because "the fact that the surgery appears to have treated plaintiff's pain successfully is objective medical evidence that the plaintiff's pain was attributable to his spinal impairment."  Doc. 28 at 19.  The ALJ had found it difficult to attribute plaintiff's limitations to his medical condition "as opposed to other reasons," so the court concluded there was a reasonable possibility the additional evidence would have changed the outcome.  *Id.* at 19; R. 35.  Still, the Commissioner's position about materiality was more reasonable than her arguments about whether the additional evidence related to the relevant time period.  Indeed, the additional evidence submitted by plaintiff consisted of medical records about a cervical spine surgery that had been postponed when the ALJ hearing occurred.  And the ALJ had acknowledged that surgery was recommended for plaintiff, but found that plaintiff's pain was controlled adequately by medication "even without the surgery."  R. 34–35.  The Commissioner's position—*i.e.*, that no reasonable possibility existed that the additional evidence would change ALJ's decision—though ultimately unsuccessful was somewhat reasonable.

This litigation position about materiality arguably is a harmless error argument that could cure the Appeals Council's unreasonable prelitigation position.  As the court explained above, generally an unreasonable prelitigation position alone warrants attorney fees.  *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) (holding that "EAJA fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position" (internal quotation marks and citation omitted)).  Only if the government advances a reasonable litigation position that cures unreasonable agency action might an exception to this general rule exist and provide a basis to deny a fee award.  *See id.*  For example, the Tenth Circuit has recognized a harmless error exception in the social security

11

context "when the Commissioner reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless." *Groberg*, 505 F. App'x at 765.

The Appeals Council must consider additional evidence only if it is new, material, and relates to the period on or before the date of the administrative law judge hearing decision. Doc. 28 at 18 (quoting 20 C.F.R. § 404.970(b)). Here, the Commissioner essentially argues that even if the Appeals Council was not substantially justified in finding the additional evidence unrelated to the relevant time period, this error was harmless because the Commissioner reasonably (though unsuccessfully) argued in this action that the additional evidence also was immaterial—providing a second, reasonable basis to support the Appeals Council's underlying action and making its error harmless.

But, the Tenth Circuit has explained that a harmless error argument only supplies an exception to the general rule if it is a "'true' harmless error argument." *Groberg*, 505 F. App'x at 765 n.1. For example, an ALJ's error may not require reversal if "other reasoning *already contained explicitly or implicitly in his decision* supplied sufficient grounds for affirmance notwithstanding the error or because [the court] could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved [a] factual matter in any other way." *Groberg*, 505 F. App'x at 765 n.1 (emphasis added) (citations omitted). In *Groberg*, the Tenth Circuit explicitly stated that "an entirely new rationale for affirmance on grounds different from those previously considered by the ALJ" is not considered "to be a true harmless error argument." *Id.* (citing *Hackett*, 475 F.3d at 1174–75).

Here, the Appeals Council excluded plaintiff's new evidence because it found that the evidence was not chronologically relevant. It did not explicitly or implicitly indicate that it also excluded the evidence based on materiality. Instead, the materiality position taken by the

Commissioner during litigation supplied a new rationale for affirming the Appeals Council's exclusion of the new evidence. The court also cannot say that "no reasonable administrative factfinder, following the correct analysis, could have resolved" this matter another way. *Groberg*, 505 F. App'x at 765 n.1. Indeed, on review of the Appeal's Council's decision, this court resolved the matter in another way—it found the additional evidence material and determined that it should not have been excluded. The Appeals Council's error thus was not a harmless one that could be cured with a reasonable litigation position, and EAJA fees are warranted. *See Hackett v. Barnhart*, 475 F.3d 1166, 11754 (10th Cir. 2007) (concluding that the court should not rely on the Commissioner's reasonable litigation position to deny plaintiff's EAJA application when the ALJ's underlying action was unreasonable and the Commissioner asserted new legal theories during litigation to defend the ALJ's reasoning).

In sum, the court concludes that the Commissioner has failed to meet the burden of proof to show that her position was substantially justified. The Commissioner's prelitigation and litigation position that the additional evidence was unrelated to the relevant time period was unreasonable. The court thus awards plaintiff attorney fees under the EAJA. The court next turns to the reasonableness of the fees requested.

**III.   The requested hourly rate is reasonable, but the number of hours requested is excessive and the court must reduce it.**

   **A.  Legal Standard**

As explained above, the EAJA requires a court to award *reasonable* attorney fees to a prevailing party when the position of the United States was not substantially justified and no special circumstances exist making an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A); (d)(2)(A) (emphasis added); *Gilbert*, 45 F.3d at 1394. Now that the court has determined that plaintiff qualifies for fees under the EAJA, it "must determine what fee is reasonable." *Bruce v.*

13

*Colvin*, No. 14-1166-JWL, 2015 WL 7078939, at *3 (D. Kan. Nov. 13, 2015) (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990)).

District courts are afforded "substantial discretion in fixing the amount of an EAJA award." *Jean*, 496 U.S. at 163.  A fee award is not automatic, and "[e]xorbitant, unfounded, or procedurally defective fee applications" can be discounted.  *Id*.  To determine a reasonable fee, the court calculates a lodestar amount, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Bruce*, 2015 WL 7078939, at *3 (internal quotation marks and citations omitted).  The EAJA fee applicant bears the burden of proving both that the hourly rate and the number of hours claimed are reasonable.  *Hensley*, 461 U.S. at 433–34, 437.  Though, "[a]n objecting party must specify which portion of the fee petition it is challenging with sufficient specificity to advise the applicant of what is at issue."  *Hardin-Sparks v. Astrue*, No. 06-1037-JTM, 2009 WL 103644, at *1 (D. Kan. Jan. 14, 2009).

Courts follow a two-step procedure for determining whether an hourly rate is reasonable. *Culler v. Massanari*, No. 96-4164-SAC, 2001 WL 1718033, at *1 (D. Kan. Dec. 20, 2001). "First, the court must determine the prevailing market rate for similar services provided by lawyers 'of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Umscheid v. Apfel*, 2 F. Supp. 2d 1438, 1440 (D. Kan. 1998)).  Second, the court must decide whether an increase in the cost of living or a special factor justifies a rate increase.  *Id.* at *2 (citing *Queen Square v. Halter*, 168 F. Supp. 2d 1318, 1320 (S.D. Ala. 2001) (quoting *Meyer v. Sullivan*, 958 F.2d 1029, 1033–34 (11th Cir. 1992))).  The EAJA caps fee awards at an hourly rate of $125, "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  Courts are not required to approve an hourly rate above

the statutory cap, even where evidence of a cost of living increase is provided. *See Headlee v. Bowen*, 869 F.2d 548, 551 (10th Cir. 1989).

To determine the reasonableness of the number of hours claimed, the party seeking attorney fees "must 'submit evidence supporting the hours worked.'" *Hinck v. Colvin*, No. 13-1389-JWL, 2015 WL 6473562, at *2 (D. Kan. Oct. 27, 2015) (quoting *Hensley*, 461 U.S. at 433–34). The fee applicant may be awarded fees "to cover the cost of all phases of successful civil litigation[,]" which includes fees for the time spent litigating an EAJA fees request. *Jean*, 496 U.S. at 161–64, 166. "'[C]ourts have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve a favorable result.'" *Williams v. Colvin*, No. 5:14-CV-4028-JTM, 2015 WL 6808599, at *2–3 (D. Kan. Nov. 5, 2015) (quoting *Romero v. Colvin*, No. 11-cv-0994 JB/SMV, 2014 U.S. Dist. LEXIS 94448, at *11 (D.N.M. Mar. 20, 2014)). Thus, courts should exclude hours not reasonably expended from its lodestar calculation. *Id.* In this district, "'the typical EAJA fee application in social security cases is between 30 and 40 hours.'" *Id.* at *3 (quoting *Chisolm v. Astrue*, No. 13-1276-SAC, 2015 U.S. Dist. LEXIS 13599, at *2 (D. Kan. Feb. 5, 2015).

### B. Analysis

Plaintiff seeks an award of $8,448.61 (45.55 hours at $185.48 per hour) for attorney fees. The court first considers whether the hourly rate requested is reasonable. Then, the court addresses whether plaintiff requests a reasonable number of hours.

#### 1. Hourly Rate

Plaintiff requests an hourly rate of $185.48. And the Commissioner has not objected to the proposed hourly rate. Applying the two-step procedure, the court agrees that the requested hourly rate is reasonable.

First, the court determines the prevailing market rate. In this district, the rate for social security cases frequently is found to be greater than $125 per hour. *See, e.g.*, *MacDonald v. Colvin*, No. 2:14-cv-02446-JTM, 2016 WL 55270, at *3 (D. Kan. Jan. 5, 2016) (awarding fees at an hourly rate of $189.95 for work in 2015 and $190.09 for work in 2014); *Beard v. Colvin*, No. 6:14-cv-01168-JTM, 2016 WL 30655, at *2 (D. Kan. Jan. 4, 2016) (awarding an hourly rate of $187.50); *Bruce v. Colvin*, No. 14-1166-JWL, 2015 WL 7078939, at *4 (D. Kan. Nov. 13, 2015) (determining that an hourly rate of $188.60 was appropriate for work performed in 2014); *Williams*, 2015 WL 6808599, at *2 (explaining that hourly rates recently have ranged between $185 and $293 and granting plaintiff's request for an hourly rate of $190.86). The court finds that plaintiff's requested hourly rate is in line with the prevailing market rate.

Second, the court agrees that an increase in the cost of living justifies a rate increase above the statutory cap of $125 per hour. *See, e.g.*, *Beard*, 2016 WL 30655, at *2 (concluding an inflation-adjusted rate based on an increase in the cost of living was appropriate); *Kellogg v. Colvin*, No. 14-1286-JWL, 2015 WL 6674864, at *1, *3 (D. Kan. Nov. 2, 2015) (holding that an hourly rate of $185 was justified by increases in the cost of living); *Hinck v. Colvin*, No. 13-1389-JWL, 2015 WL 6473562, at *2–3 (D. Kan. Oct. 27, 2015) (concluding that an increased rate of $187 per hour was justified by increases in the cost of living). Plaintiff appropriately calculated the cost of living increase using data from the Consumer Price Index for the Kansas City region. *See Bruce*, 2015 WL 7078939, at *4 (using the Bureau of Labor Statistics Consumer Price Index to determine the appropriate hourly rate for 2014).

In sum, the court finds the requested hourly rate of $185.48 is reasonable.

### 2. Number of Hours

Plaintiff's counsel initially requested fees for 37.8 hours of time spent on this case. He supported this request with an itemized log showing the date, a brief description of each task performed, and the hours spent on each task. Doc. 30-2. The Commissioner objects to plaintiff's counsel's requested hours, arguing that the 14.45 hours he spent drafting a 16-page reply brief is unreasonable. Doc. 38 at 5. The Commissioner argues that the reply "essentially lists the arguments made in Defendant's brief and reiterates the points already made in Plaintiff's initial brief." *Id.* The Commissioner also asserts that plaintiff's counsel has significant experience litigating similar cases and the record here was typical in length, so the reply should not have required the amount of time requested. *Id.* at 4. The Commissioner suggests that five hours is a reasonable amount of time to award for the reply brief. *See id.* at 5.

Plaintiff's counsel responds that his references to previous arguments were necessary to provide context, and that "most of the [reply] brief concerned analysis, factual references to the record, and citation to authority." Doc. 41 at 9. Plaintiff's counsel also requests an additional three hours spent responding to the Commissioner's Rule 60(b) motion, and 4.75 hours to reply to the Commissioner's objections to the EAJA application. Doc. 41 at 11. The Commissioner filed no objection to these additional requested hours. This increases the total number of hours requested to 45.55.

The court has reviewed counsel's time itemizations, and finds that 42.55 hours were reasonably necessary to accomplish the tasks listed. The court agrees with the Commissioner that the 14.45 hours spent to read the Commissioner's brief and research, write, edit, and revise the reply brief was excessive. *See Hinck*, 2015 WL 6473562, at *3 (concluding that 16.5 hours for the same tasks in a complex social security case was unreasonable and should be reduced to

17

11.5 hours where counsel had been familiar with the case for some time); *see also Brown-Mueller v. Colvin*, No. 13-cv-00537-PAB, 2016 WL 860468, at *4 (D. Colo. Mar. 7, 2016) (reducing the requested 16.7 hours spent preparing a reply brief to 13 hours because the scope of the issues in the case did not require that many hours); *Garver v. Astrue*, No. 09-cv-02259-WYD, 2011 WL 4852442, at *2 (D. Colo. Oct. 13, 2011) (finding 24.3 hours reasonable for a 29 page reply brief in a complex case involving 22 separate issues of error); *McMillan v. Barnhart*, No. 05-4121-JAR, 2007 WL 677528, at *1 (D. Kan. Feb. 27, 2007) (concluding that 12.25 hours to draft a 22 page reply brief was reasonable). The reply here is somewhat repetitive, repeating some of the same arguments and record citations contained in plaintiff's initial brief. *See Linder v. Astrue*, No. 09-1210-SAC, 2011 WL 2473086, at *2 (D. Kan. June 21, 2011) (awarding eight hours, instead of the requested 23.55 hours for a reply brief that mostly "reiterated or duplicated what had already been stated in plaintiff's initial brief and what had been argued in defendant's brief"); *Smith v. Astrue*, No. 06-1256-MLB, 2008 WL 696253, at *4 (D. Kan. Mar. 13, 2008) (awarding four hours for a reply brief that "merely reiterated plaintiff's allegations, stated the Commissioner's response . . . , and explained why, in plaintiff's view, plaintiff's argument should be preferred"). For example, to argue that the ALJ erred by finding medication alone adequate to control plaintiff's pain, plaintiff's reply stated the Commissioner's position then repeated plaintiff's assertions from his initial brief. *See* Docs. 18 at 9–11; 27 at 7–9.

Although plaintiff's counsel revisits previous arguments in his reply, he also provides additional citations to the record and relevant case law in response to the Commissioner's arguments that more fully explain plaintiff's arguments. His reply included more developed arguments about the Appeals Council's consideration of new evidence and, ultimately, these arguments led to this court's remand. *See, e.g.*, Doc. 27 at 12–15. And the initial 37.8 hours

requested is within the typical 30 to 40 hours spent on social security cases. *See Williams*, 2015 WL 6808599, at *3. A reduction in the hours plaintiff's counsel devoted to the reply brief to five hours, as the Commissioner suggests, therefore, is unwarranted. Instead, the court finds that 12 hours is a reasonable amount of time to prepare the reply brief here. Upon review, the remainder of counsel's hours appear reasonable and the court thus concludes that counsel reasonably expended 43.1 hours litigating this case.

In sum, the court finds that plaintiff's counsel reasonably expended 43.1 hours prosecuting plaintiff's social security appeal at an adjusted rate of $185.48 per hour. The court thus awards reasonable attorney fees of $7,994.18 to plaintiff as the prevailing party.

### IV. Conclusion

The court concludes that the Commissioner's position was not substantially justified and awards EAJA attorney fees in the amount of $7,994.18, to be made payable to plaintiff in care of plaintiff's counsel.

**IT IS ORDERED BY THE COURT THAT** plaintiff Bernard E. Honeycutt's Motion for Attorney Fees under the EAJA (Doc. 30) is granted in part to the extent of $7,994.18. As plaintiff's motion requests, payment of such fees shall be issued to plaintiff in care of his counsel.

**IT IS SO ORDERED.**

**Dated this 26th day of July, 2016, at Topeka, Kansas.**

>  **s/ Daniel D. Crabtree**
>  **Daniel D. Crabtree**
>  **United States District Judge**