# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BERNARD E. HONEYCUTT,

    **Plaintiff,**

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,[1]

    **Defendant.**

Case No. 13-1243-DDC

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's Motion for Attorney's Fees (Doc. 43). Plaintiff seeks attorney's fees in the amount of $14,435.25 under 42 U.S.C. § 406(b). For the following reasons, the court grants plaintiff's motion for attorney's fees, and awards reasonable attorney's fees of $14,435.25. The court also orders plaintiff's counsel—once he receives the $14,435.25 awarded by this order—to refund to the plaintiff the smaller fee amount ($7,994.18) granted to him under the Equal Access to Justice Act ("EAJA"), if that amount was received by plaintiff's counsel.

**I.    Factual and Procedural Background**

Plaintiff hired counsel to prosecute his claim for Social Security benefits on a standard contingency basis of 25% of past due benefits. Doc. 44-1 (showing counsel retained on December 2, 2011). Plaintiff then filed a Complaint appealing the administrative decision denying him disability benefits. Doc. 1. This court reversed the decision of the Commissioner,

---

[1]    On January 23, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security and is automatically substituted for her predecessor—Carolyn W. Colvin—as the proper defendant in this action. Fed. R. Civ. P. 25(d).

and remanded the case for further proceedings. Doc. 29. On July 26, 2016, the court also awarded attorney fees under the EAJA in the amount of $7,994.18. Doc. 42.

Plaintiff received notice of award for past due benefits on June 9, 2018. Doc. 44-2. Plaintiff now asks the court to award attorney fees under the Social Security Act ("SSA"), 42 U.S.C. 406(b), based on the value of 25% of plaintiff's past due benefits, or $14,435.25. Doc. 44 at 2. Plaintiff's counsel has provided records showing that he worked on this case for 45.55 hours. Doc. 44-3. Plaintiff's counsel also acknowledges that the EAJA requires him to refund to plaintiff the lesser of any EAJA fees received and the fees awarded under 42 U.S.C § 406. Doc. 44 at 2.

The Commissioner of the Social Security Administration has filed a response to plaintiff's motion.[2] Doc. 45. The Commissioner does not oppose the fee request, but she asks the court to determine whether the $14,435.25 requested is a reasonable fee. *Id*. The Commissioner also notes that an attorney cannot accept fees under both § 406(b) and the EAJA. *Id*. Should plaintiff's counsel receive fees under both, the Commissioner asks the court to order plaintiff's counsel to refund the smaller of the two fees. *Id*. at 2.

**II.     Legal Standard**

Title 42 U.S.C. § 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable [attorney] fee . . . not in excess of 25 percent of the total of the past-due benefits." This statute allows the court to award attorney fees in conjunction with remand for further proceedings where plaintiff eventually is awarded past due benefits. *McGraw v. Barnhart*, 450 F.3d 493, 503 (10th

---

[2]     Even though the Social Security Administration has no direct financial stake in in the outcome of § 406(b) litigation, courts allow the Commissioner to respond to attorney fees motions because "she plays a part in the fee determination resembling that of a trustee for the [plaintiff]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (citation omitted).

Cir. 2006). Attorneys may seek fees under both the EAJA and the SSA when handling Social Security cases in court. *Id.* at 497. If counsel receives fees under both the EAJA and the SSA, counsel must refund the smaller amount. *Id.* The amount of the fee award under 42 U.S.C. § 406(b) is committed to the court's sound discretion. *Id.* at 505.

The Supreme Court has concluded that though § 406(b) does not displace contingent-fee agreements between a Social Security plaintiff and his counsel, the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). When testing a contingent-fee award for reasonableness, the Supreme Court outlined the following factors as appropriate reasons to reduce the fee award: "(1) when 'the character of the representation and the results the representative achieved' were substandard; (2) when 'the attorney is responsible for delay' that causes disability benefits to accrue 'during the pendency of the case in court'; and (3) when 'the benefits are large in comparison to the amount of time counsel spent on the case.'" *Gordon v. Astrue*, 361 F. App'x 933, 935 (10th Cir. 2010) (quoting *Gisbrecht*, 535 U.S. at 808).

**III. Analysis**

Following the governing legal standard set out above, the court first examines the contingent-fee agreement between plaintiff and his counsel. Under this agreement, plaintiff hired his counsel on a standard contingency basis of 25% of past due benefits. Doc. 44-1. Plaintiff's counsel now requests $14,435.25 in attorney's fees, which equals 25% of past due benefits. Doc. 44-2 at 3. Plaintiff's counsel asserts that this amount represents a reasonable fee based on the time expended on the representation, delay in receiving the fee, and the favorable result secured. Doc. 44 at 2.

Under the first factor, the court considers the overall result of the case and the character of the representation. *Gordon*, 361 F. App'x at 935. Plaintiff's counsel secured from this court a remand for further proceedings, which led to a favorable decision for plaintiff. Doc. 44 at 1. On remand, the Administrative Law Judge found plaintiff was disabled beginning in July of 2009 with retroactive benefits beginning in January of 2010. *Id.* Because plaintiff's counsel secured an overall favorable result for his client, this factor favors a finding that the requested fee is reasonable.

When analyzing the second factor, the court considers whether plaintiff's counsel has caused a delay, allowing benefits to accrue. *Gordon*, 361 F. App'x at 935. Plaintiff's counsel notes that delay in the appeals process resulted from plaintiff's previous counsel not contacting plaintiff. Doc. 10 at 318–320. But at the same time, plaintiff's counsel filed three motions to extend the deadline to file plaintiff's brief, and the court granted all of them. Doc. 11; Doc. 14; Doc. 16. These extensions, taken together, extended the deadline by a total of 98 days. While the court recognizes that seeking additional time to become familiar with the case is not uncommon for a new attorney who takes over an existing case, these extensions were lengthy. This factor is a neutral one.

Finally, the court considers whether the fee is reasonable compared to the time counsel spent on the case. *Gordon*, 361 F. App'x at 935. Plaintiff's counsel has submitted time records showing that he spent 45.55 hours working on this case. Doc. 44-3. Plaintiff seeks $14,435.25 in attorney fees which computes to an hourly rate of about $317.[3] Defendant does not claim that the calculated rate is excessive, if the court determines the amount reasonable. Doc. 45.

---

[3] $14,435.25 divided by 45.55 hours equals $316.91.

The Tenth Circuit has found that an hourly rate of $422.92 in a Social Security case was reasonable and not beyond the bounds of reasonable judgment or permissible choice. *Russell v. Astrue*, 509 F. App'x 695, 697 (10th Cir. 2013). Also, the Tenth Circuit has affirmed an award with an hourly rate of $300 as reasonable. *Gordon*, 361 F. App'x at 936. In other Social Security cases, our court has approved reasonable hourly rates ranging from $258.63 to $400.07. *See, e.g.*, *Tacey v. Berryhill*, No. 15-9094-KHV, 2018 WL 3757620, at *3 (D. Kan. Aug. 8, 2018) (concluding that a fee of $388.50 was reasonable); *Ibarra v. Berryhill*, No. 15-1158-KHV, 2018 WL 3547066, at *3 (D. Kan. July 24, 2018) (holding a fee of $284.93 for 37.85 hours of work reasonable); *Boyer v. Berryhill*, No. 15-1054-SAC, 2018 WL 2971499, at *2 (D. Kan. June 12, 2018) (counsel requested and received a reasonable hourly rate of $400.07 for 56.85 hours); *Fox v. Berryhill*, No. 14-4111-JWL, 2017 WL 4536329, at *1 (D. Kan. Oct. 11, 2017) (approving hourly fee of $307.69); *Duff v. Colvin*, No. 13-2466-DDC, 2016 WL 3917221, at *2 (D. Kan. July 20, 2016) (concluding hourly rate of $358.50 was reasonable); *Sharp v. Colvin*, No. 09-1405-SAC, 2015 WL 161275, at *2 (D. Kan. Jan. 13, 2015) (finding as reasonable hourly rate of $258.63); *Roland v. Colvin*, No. 12-2257-SAC, 2014 WL 7363016, at *1 (D. Kan. Dec. 23, 2014) (holding that fee award representing hourly fee of $346.28 was reasonable); *Smith v. Astrue*, No. 04-2197-CM, 2008 WL 833490, at *3 (D. Kan. Mar. 26, 2008) (approving hourly fee of $389.61).

Based on this case law, the court concludes that plaintiff's counsel's requested fee of $14,435.25—which computes to an hourly rate of $316.91 for 45.55 hours of work—is a reasonable fee. This factor thus favors finding that plaintiff's counsel's requested fee is reasonable.

Considering all of the *Gisbrecht* factors, the court concludes that they favor finding the requested fee award reasonable. The court thus grants plaintiff's Motion for Attorney Fees.

**IT IS ORDERED BY THE COURT THAT** plaintiff's Motion for Attorney Fees (Doc. 43) is granted. Plaintiff's attorney, David H.M. Gray, is entitled to $14,435.25 in fees under 42 U.S.C. § 406(b). The Commissioner shall pay the fees from the amount which she is withholding from plaintiff's past due benefits.

**IT IS FURTHER ORDERED THAT** plaintiff's counsel, David H.M. Gray, must refund to plaintiff $7,994.18, of his Equal Access to Justice Act fees after he receives $14,435.25 in attorney's fees from the Commissioner.[4]

**IT IS SO ORDERED.**

**Dated this 29th day of November 2018, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

---

[4] As of the filing of this motion, plaintiff's counsel had not received his awarded EAJA fees. Should he receive the EAJA fees, he should refund them as this Order directs.